# STATE OF MICHIGAN

# COURT OF APPEALS

GARDEN CITY REHAB LLC and
PURE MICHIGAN TRANSPORTATION, INC.,

UNPUBLISHED
October 19, 2017

Plaintiffs-Appellants,

and

MERCY TRANSPORTATION, INC,
AFFILIATED DIAGNOSTIC OF OAKLAND,
LLC, and SOUTH MIAMI PHARMACY II,

Intervening Plaintiffs,[1]

v

No. 331688
Wayne Circuit Court
LC No. 15-000157-NF

NATIONAL GENERAL INSURANCE
COMPANY,

Defendant-Appellee.

Before: BECKERING, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendant in this action for personal protection insurance (PIP) benefits arising out of an alleged motor vehicle accident involving Nietesha Lowe.[2] We affirm.

According to defendant, Lowe claimed to have been involved in a motor vehicle accident on July 11, 2014. A police accident report names Allen Baity as the driver of "Unit 2," a 1998 Ford Taurus, and names Lowe and Dave Smith as passengers. The accident report recounts, "Unit 2 stated he was stopped at Burlingame at a stop sign and Unit 1 hit the back of the vehicle

---

[1] Intervenors are not participating in this appeal.

[2] The complaint asserts plaintiffs provided services to an "injured party" and identifies Lowe in a parenthetical after the named plaintiffs.

-1-

and fled south on Petoskey. Unit 2 had old damage over whole vehicle. No signs of accident on ground."[3] The police report lists 8150 Esper, Detroit as Lowe's address; 8145 Terry, Detroit as Baity's address; and 23264 Park Pl, Southfield as Smith's address.

Defendant asserted that it had issued a policy of insurance to Smith, and that all three occupants of "Unit 2" sought no-fault benefits through the policy, which was effective for the period of July 5, 2014 to July 12, 2014. Lowe's application for no-fault benefits describes her injuries as "back pain, right side pain, and neck pain," and lists her address as "8150 Esper."

In their complaint, plaintiffs assert that that they submitted bills to defendant for medical and transportation services provided to an injured party (Lowe) that were reasonably necessary for the care, recovery or rehabilitation of the injured party. Plaintiffs sought payment from defendant for the amounts owed for medical and transportation services rendered to Lowe.

According to defendant, it attempted without success to schedule Lowe's deposition through personal service at 8150 Esper Street in Detroit. Additionally, defendant asserted it was unsuccessful in attempting to serve Baity and Smith. Defendant's claims adjuster Christy Meadows also attempted unsuccessfully to schedule interviews with Lowe, Smith, and Baity through their counsel in October 2014. Meadows averred that the interviews were rescheduled for December 12, 2014, but were again cancelled. Consequently, defendant moved the trial court for an order permitting substituted service by attaching a copy of the order permitting alternative service, a subpoena and notice of deposition to be tacked on the front of the houses located at 8150 Esper St., Detroit; 8586 Sussex St., Detroit; and 8145 Terry St., Detroit.[4] In the alternative, defendant requested it be allowed to send the same materials though certified mail, return receipt requested, and regular mail. Plaintiffs did not oppose the motion, which the trial court granted.

Defendant thereafter moved for summary disposition, citing the cooperation clause of its policy, on the basis that Lowe had failed to appear at two scheduled interviews. The trial court denied the motion but issued an order compelling Lowe to appear for deposition within 30 days.

After 30 days, defendant again moved for summary disposition because Lowe had not appeared for a deposition. Plaintiffs argued that failure of an injured person to cooperate with an investigation does not preclude a provider's claim for no-fault benefits. Plaintiff's further argued that Lowe, a nonparty to the insurance contract, was not bound by the contract's cooperation clause. The trial court granted the motion. The trial court entered its order on December 7, 2015, and entered an order denying reconsideration on February 11, 2016.

---

[3] This description appears in all capital letters in the original. Presumably, "Unit 1" is the driver of the other vehicle allegedly involved in the accident.

[4] An address for Lowe was obtained from the police accident report and Lowe's application for benefits. Similarly, the police report identified 8145 Terry as Baity's address. Process server David Koester averred that an address verification search turned up two possible addresses for Smith: (1) 8586 Sussex St., Detroit, Michigan; (2) 770 Chesterfield St., Ferndale, Michigan.

This Court reviews the trial court's grant or denial of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a plaintiff's complaint. *Id*. at 120. Summary disposition is appropriate under this subrule if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. *Id*.

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). This authority is "not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997). A trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes. *Maldonado*, 476 Mich at 388.

Initially, we note that plaintiffs do not have an independent right of action under the no-fault act against defendant. See *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, ___; 895 NW2d 490, 493 (2017) ("We . . . hold that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act."); see also *W A Foote Mem Hosp v Mich Assigned Claims Plan*, ___ Mich App ___; ___ NW2d ___ (2017), slip op at 19 (applying *Covenant* with full retroactive effect). We also note that our Supreme Court has left open the possibility that a medical provider may possess a contractual right of action against an insurer for no-fault benefits. See *Covenant Med Ctr*, 500 Mich at ___ n 39, n 40; 895 NW2d at 505 n 39, n 40. But, in this case, defendant was frustrated in its efforts at a minimal investigation of the underlying basis of plaintiffs' no-fault claim on Lowe's behalf. Specifically, defendant was prevented from investigating the claim that Lowe suffered "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1). Furthermore, on defendant's motion for summary disposition, no admissible evidence was submitted to the trial court to support plaintiff's claim that Lowe might be entitled to no-fault benefits from defendant.

Under the circumstances of this case, the trial court did not abuse its discretion by dismissing plaintiffs' case, *Maldonado*, 476 Mich at 376, and it properly granted defendant summary disposition under MCR 2.116(C)(10). "A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10). The court rule plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden*, 461 Mich at 121.

We affirm. Defendant, as the prevailing party, may tax its costs under MCR 7.219.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Michael J. Riordan

-3-